UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        File No. 1:01-CR-122

        HON. ROBERT HOLMES BELL

STEVEN ALLEN McGEE,

        Defendant.
        _____/

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Steven Allen McGee's motion to change venue and for recusal of judges and motion for writ of mandamus.

Defendant requests that all of the active judges of this district, Judges Robert Holmes Bell, Gordon J. Quist and Richard A. Enslen, recuse themselves from hearing his concurrently filed petition for writ of mandamus and that his petition be transferred to another venue in light of the "pervasive bias" that has been repeatedly exerted against him in this district. Defendant contends that this bias is evidenced by Judge Bell's rulings in his criminal case, Judge Quist's dismissal of his civil rights case and Judge Enslen's order to show cause.

A judge is required to disqualify himself in any proceeding in which his impartiality might reasonably be questioned and where he has a personal bias or prejudice concerning a party. 28 U.S.C. § 455(a)-(b). Although a defendant is not required to show extrajudicial

bias, *Bell v. Johnson,* 404 F.3d 997, 1004-05 (6th Cir. 2005), "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Judicial rulings, in and of themselves, do not show reliance on an extrajudicial source and they rarely evidence the degree of favoritism or antagonism required when no extrajudicial source is involved. *Id.* Defendant's conclusory allegations of personal animus based upon ordinary trial rulings are not sufficient to require recusal. Defendant's motion for recusal and for change of venue will accordingly be denied.

Defendant's petition for writ of mandamus seeks an order compelling the court reporter to produce an audio tape of the proceedings before this Court. Proceedings in court must be recorded verbatim, but they may be recorded "by shorthand, mechanical means, electronic sound recording," or any other approved method. 28 U.S.C. § 751. Proceedings in this Court are recorded by shorthand. For purposes of appeal, the transcript prepared by the court reporter constitutes the official record. FED. R. APP. P. 10. Defendant is not entitled to an audio recording of the proceedings, even if such a recording was made.

With respect to Defendant's request that the clerk produce certain items from the record in this case, the Court observes that Defendant has been appointed counsel to represent him on appeal. (Docket # 265). Any inquiries to the Clerk of this Court regarding the record on appeal should be made through counsel. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Steven Allen McGee's motion to change venue and for recusal of judges (Docket # 267) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Steven Allen McGee's motion for writ of mandamus (Docket # 268) is **DENIED**.

Date:   August 19, 2005          /s/ Robert Holmes Bell
                                 ROBERT HOLMES BELL
                                 CHIEF UNITED STATES DISTRICT JUDGE